THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANGEL L. COTA-MUNIZ,<br>EDGAR D. BARRON-GONZALEZ,<br>JESSICA L. ASHBY,<br><br>Defendants. | CASE NO. CR17-0111-JCC<br><br>DISCOVERY PROTECTIVE ORDER |

This matter comes before the Court to on the parties' stipulated motion for a discovery protective order (Dkt. No. 28). Having considered the motion and the relevant record, the Court GRANTS the motion and ENTERS the following protective order:

1. <u>Protected Material</u>

The following documents and materials are deemed "Protected Material." The United States will make available copies of the Protected Materials, including those filed under seal, to defense counsel to comply with the Government's discovery obligations. Possession of copies of the Protected Materials is limited to the attorneys of record and the investigators, paralegals, law clerks, experts, and assistants for the attorneys of record (collectively referred to as "members of the defense team"). This category of Protected Materials will be marked and labeled as "Protected Material":

       a.     Grand jury transcripts and exhibits.

       b.     Audio/video recordings of witnesses and Defendants.

       c.     Witness and Defendant statements, including, but not limited to, reports of law enforcement officers memorializing witness statements.

       d.     The personal information related to victim/witnesses, and any statements and documents containing personal information about or related to any victims and witnesses.

As used in this order, the term "personal information" refers to each victim and witness's full name, date of birth, Social Security number (or other identification information), driver's license number, address, telephone number, location of residence or employment, school records, juvenile criminal records, and other confidential information.

    2.     <u>Scope of Review of Protected Material</u>

The attorneys of record and members of the defense teams may display and review the Protected Material with their respective Defendant. The attorneys of record and members of the defense teams agree that providing copies of the Protected Material to Defendants and other persons is prohibited and they will not duplicate or provide copies of Protected Material to Defendants or other persons. The only exception to this prohibition is that the attorneys of record and members of the defense teams may provide electronic copies of Protected Material to the Federal Detention Center (FDC) at SeaTac, Washington for use in a controlled environment by their respective Defendant, who is currently in custody at the FDC.

The United States Attorney's Office for the Western District of Washington is similarly allowed to display and review the Protected Material with lay witnesses, but is otherwise prohibited from providing copies of the Protected Material to lay witnesses, *i.e.*, non-law enforcement witnesses.

    3.     <u>Consent to Terms of Protective Order</u>

Members of the defense team shall provide written consent and acknowledgement that they will each be bound by the terms and conditions of this protective order. The written consent need not be disclosed or produced to the United States unless requested by the Assistant United States Attorney and ordered by the Court.

4. <u>Parties' Reciprocal Discovery Obligations</u>

Nothing in this order should be construed as imposing any discovery obligations on the Government or Defendants that are different from those imposed by case law, Federal Rule of Criminal Procedure 16, and the Local Criminal Rules.

5. <u>Filing of Protected Material</u>

Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, sentencing, or other matter before the Court, shall be filed under seal and shall remain sealed until otherwise ordered by the Court. This does not entitle either party to seal their filings as a matter of course. The parties are required to comply in all respects to the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

6. <u>Nontermination</u>

The provisions of this order shall not terminate at the conclusion of this prosecution.

7. <u>Violation of Protective Order</u>

Any violation of any term or condition of this order by Defendants, their attorney(s) of record, any member of the defense team, or any attorney for the United States Attorney's Office for the Western District of Washington, may be held in contempt of court, and/or may be subject to monetary or other sanctions as deemed appropriate by the Court.

If any Defendant violates any term or condition of this order, the United States reserves its right to seek a sentencing enhancement for obstruction of justice or to file any criminal charges relating to the Defendant's violation.

DATED this 2nd day of May 2017.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

DISCOVERY PROTECTIVE ORDER
*United States v. Cota-Muniz, et al.*, CR17-0111-JCC - 3